**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELISSA PETRINI, | No. 15-16946 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01583-JD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[**] District Judge.

Claimant Melissa Petrini appeals the denial of her application for

supplemental security income disability benefits. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**1.** The administrative law judge (ALJ) did not err in weighting the various physician opinions. The inconsistencies cited by the ALJ amounted to specific and legitimate reasons supported by substantial evidence for assigning "limited weight" to Dr. Rutter's opinions about Petrini's symptoms, limitations, and ultimate disability. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). For example, the same day Dr. Rutter opined that Petrini was entirely "disabled from work" due to "symptoms of mood lability, irritability and poor concentration," Petrini reported to Dr. Rutter that her mood lability and irritability were mild. Dr. Rutter's treatment records from that day also reflect his observations that Petrini had no cognitive disturbance; that she was well-organized and goal-oriented; and that her attention span and mood had improved. As far back as Dr. Rutter's first appointment with Petrini, the treatment records—which reflected that Petrini had a "very good" memory—contradicted Dr. Rutter's later impairment opinions, which claimed that Petrini had a "poor memory."

By explaining that Dr. Kalman's opinions were inconsistent with his recorded observations and relied too heavily on Petrini's representations found not to be credible, the ALJ provided specific and legitimate reasons supported by substantial evidence for assigning "limited weight" to Dr. Kalman's opinions. *See id.*; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 598–600, 602 (9th Cir.

1999). For example, Dr. Kalman's mental status evaluation of Petrini was fairly normal, and Dr. Kalman's notes recorded his observations that Petrini was oriented, logical, and goal-directed. Petrini reported to Dr. Kalman that she was able to perform several activities of daily living and that she got along well with friends and family. These relatively positive reports and observations contradicted Dr. Kalman's opinions that Petrini had fairly severe symptoms and marked limitations. It was also proper for the ALJ to discount Dr. Kalman's findings and opinions, because they were "premised to a large extent" upon Petrini's subjective reports, which the ALJ found not to be credible.[1] *Morgan*, 169 F.3d at 598–600, 602 (citation omitted).

The ALJ properly incorporated Dr. Palmer's opinions into the residual functional capacity (RFC) finding and did not err in her explanation of the opinions' weight. Dr. Palmer's opinions about Petrini's limitations on attendance, endurance, and ability to handle stress were not inconsistent with Dr. Bilik's opinions. The structure, citations, and language of the ALJ's decision show that the ALJ properly "translated" the opinions of Drs. Bilik and Palmer into an RFC that embraced the limitations found by both doctors, even though the RFC finding did not mirror the language of their opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d

---

[1] Petrini did not appeal the ALJ's finding about her credibility.

1169, 1173–74 (9th Cir. 2008); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

2.      Because the ALJ permissibly discounted the opinions of Drs. Rutter and Kalman, she was not required to incorporate their opinions into the RFC finding. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). In addition, because the ALJ properly "translated" the opinions of Drs. Bilik and Palmer into the RFC assessment, the ALJ was permitted to limit her hypothetical questions to the conditions reflected in the RFC. *See Stubbs-Danielson*, 539 F.3d at 1173–75.

3.      In light of our disposition of this appeal, we need not consider whether an order for an award of benefits on remand would have been appropriate. We have considered Petrini's remaining arguments and find them unpersuasive.

**AFFIRMED**.